IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY LOU ROSEMEYER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 08-216 |
| ERIC HOBBS TRUCKING, INC, | ) ) | |
| Defendant, | ) ) | |
| vs. | ) ) | |
| GENE J. PUSKAR, | ) ) | |
| Third-Party Defendant. | ) | |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

This action was commenced by Complaint filed on February 15, 2008. The within matter arises from a motor vehicle accident that occurred on or about February 28, 2006. A Third-Party Complaint was filed by Eric Hobbs Trucking, Inc. against Gene J. Puskar. The Third-Party Complaint filed on behalf of Eric Hobbs Trucking, Inc. only seeks contribution and indemnity from the Third-Party Defendant, Gene J. Puskar. An Answer and Defenses was filed on behalf of the Third-Party Defendant, Gene J. Puskar on May 13, 2008.

Third-Party Defendant filed a Motion for Leave to Amend his Answer and Defenses to the Third-Party Complaint. Amendments to pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that after a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Grounds that may justify a denial of leave to amend include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted).

"In assessing 'futility,' the district court applies the same standard as applies under Rule 12(b)(6)." *Id*.

Third-Party Defendant seeks to amend to assert the expiration of the statute of limitations. (Docket No. 10). In opposition, Third-Party Plaintiff asserts that the statute of limitations for its contribution and indemnity claims has not expired. (Docket No. 20). I agree with Third-Party Plaintiff. "The statute of limitations will not bar the joinder of a third-party defendant for contribution and indemnity, since such a claim does not accrue until judgment is entered against the defendant on the original claim." *Robichaw v. Horizon House, Inc.,* 2008 WL 2152249, 2 (E.D.Pa., May 22, 2008), *citing, Donegal Mutual Ins. Co. v. Grossman*, 195 F.Supp.2d 657, 664-665 (M.D.Pa.2001); *Resolution Trust Corp. v. Farmer*, 836 F.Supp. 1123, 1132 (E.D.Pa.1993); *Santiago v. Johnson Machine and Press Corp.*, Civ. A. No. 85-5701, 1986 WL 14201 (E.D.Pa.1986), *citing Hornsby v. Johns-Manville Corp.*, 96 F.R.D. 367 (E.D.Pa.1982); *and Campbell v. Meadow Gold Products Co.*, 52 F.R.D. 165 (E.D.Pa.1971). Thus, based on the same, I find that amendment to assert the expiration of the statute of limitations would be futile as such defense is not viable in the context of this case.

THEREFORE, this 18th day of June, 2008, after careful consideration of the submissions of the parties, it is hereby ordered that Third-Party Defendant's Motion for Leave to Amend Answer and Defenses to Third-Party Complaint (Docket No. 10) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge